THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BILLY JOE KEN MATHIS,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FRANK REYNOLDS et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION<br>AND TRANSFER ORDER**<br><br>Case No. 2:23-cv-00007-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Federal statute provides that a civil case may be filed in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

After carefully reviewing this prisoner civil-rights complaint,[1] the Court has been unable to find any reference whatsoever to Utah, let alone any allegation that Utah is home to any party, events, omissions or property possibly involved in this case. Plaintiff appears to be incarcerated in Cherokee County, Georgia; Defendants are alleged to be in Cherokee County; and all the circumstances forming the basis of potential causes of action apparently occurred in Cherokee County.

---

[1] The screening statute states in pertinent part:
　　(a) The court shall review, *before docketing, if feasible* or, in any event, as soon as
　　practicable after docketing, a complaint in a civil action in which a prisoner seeks redress
　　from a governmental entity or officer or employee of a governmental entity.
　　(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any
　　portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a
　　claim upon which relief may be granted . . . .
28 U.S.C. § 1915A(a) (emphasis added).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." *Id.* § 1404(a).

IT IS THEREFORE ORDERED that this action is TRANSFERRED to the United States District Court for the Northern District of Georgia.[2] The Northern District of Georgia should bear in mind that this Court has not ruled on Plaintiff's *in forma pauperis* application.

DATED this 6 January 2023.

                                                            Magistrate Judge Cecilia M. Romero
                                                         United States District Court for the District of Utah

---

[2] Because transfer of venue is not dispositive, a magistrate judge has the authority to enter this Order. *See R.R. v. Blue Shield of Cal.*, No. 2:22-CV-502, 2022 U.S. Dist. LEXIS 220959, at *1 n.1 (D. Utah Dec. 6, 2022).